UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DOUGLAS MYRON ALBERTA,

                        Petitioner,                  Case No. 1:12-cv-64

v.                                           Honorable Gordon J. Quist

WILLIE SMITH,

                        Respondent.

_____/

## REPORT AND RECOMMENDATION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006).  After undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

**Discussion**

I.      Factual Allegations

Petitioner Douglas Myron Alberta presently is incarcerated at the Carson City Correctional Facility.  He currently is serving a prison term of 25 to 50 years, which was imposed by the Montcalm County Circuit Court on November 16, 2006, after a jury convicted Petitioner of first-degree criminal sexual conduct involving a person under 13 years of age, MICH. COMP. LAWS § 750.520b(1)(A).

Petitioner filed a delayed application for leave to appeal to the Michigan Court of Appeals.  In his appeal, Petitioner raised five claims:  (1) denial of a fair trial by prosecutorial misconduct in bolstering a witness; (2) denial of due process by the trial court's emphasis of guilt based on complainant's testimony; (3) denial of a fair trial by the admission of evidence of other bad acts; (4) ineffective assistance of trial counsel; and (5) cumulative error.  In an order issued June 4, 2008, the court of appeals denied leave to appeal for lack of merit in the grounds presented. Petitioner did not seek leave to appeal to the Michigan Supreme Court.

On June 2, 2009, Petitioner filed a motion for relief from judgment in the Montcalm County Circuit Court, which was denied on June 11, 2009.  He filed a second motion for relief from judgment on October 19, 2009.  In his second motion, Petitioner raised three issues:  (1) ineffective assistance of appellate counsel; (2) insufficiency of the evidence; and (3) good cause excused his failure to raise all claims on direct appeal.  The Montcalm County Circuit Court denied the motion on October 28, 2009.  Petitioner sought leave to appeal to both the Michigan Court of Appeals and the Michigan Supreme Court.  Both courts denied leave to appeal on April 2, 2010 and February 7,

2011, respectively, on the grounds that Petitioner had failed to demonstrate entitlement to relief under MICH. CT. R. 6.508(D).

Petitioner filed the instant habeas petition on or about November 18, 2011.[1]

II.    Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 (AEDPA).  Prior to enactment of the AEDPA, there was no defined period of limitation for habeas actions.[2]  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1]Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).  Petitioner dated his application on November 18, 2011, and it was received by the Eastern District of Michigan on November 23, 2011.  Thus, it must have been handed to prison officials for mailing at some time between November 18 and 23.  For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date.  *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

[2]Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C.  § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  According to Petitioner's habeas application, Petitioner filed an application for leave to appeal his conviction to the Michigan Court of Appeals, which was denied on June 4, 2008.  Petitioner did not seek leave to appeal to the Michigan Supreme Court.  Where a petitioner has failed to pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A).  *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review *or the expiration of time for seeking such review*" ) (emphasis added).  However, such a petitioner is not entitled to also count the 90-day period during which he could have filed a petition for certiorari to the United States Supreme Court. *See Gonzalex v. Thaler*, 132 S. Ct. 641, 655 (2012) (holding that, because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking that review expires).  Under Michigan law, a party has 56 days in which to apply for leave to appeal to the

Michigan Supreme Court.  *See* MICH. CT. R. 7.302(C)(2).  Accordingly, Petitioner's conviction became final on Wednesday, July 30, 2008.  Petitioner had one year from July 30, 2008, or until July 30, 2009, in which to file his habeas application.  Petitioner filed on November 18, 2011. Obviously, absent tolling, Petitioner filed more than one year after the time for direct review expired.

As previously noted, a properly filed application for state post-conviction review or other state collateral review tolls the statute of limitations during the period the application is pending.  *See* 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007).  The statute is not tolled during the time that a Petitioner petitions for writ of certiorari in the United Stated Supreme Court. *Id.* at 332.

In the instant case, Petitioner filed two motions for relief from judgment, only the second of which he appealed to the Michigan appellate courts.  The first of these motions was filed on June 2, 2009 and denied on June 11, 2009.  At the time Petitioner filed his first motion for relief from judgment, he had 58 days remaining in his limitations period.  Because Petitioner had 12 months within which to file a delayed application for leave to appeal to the Michigan Court of Appeals, however, this Court will consider that the statute was tolled on June 2, 2009 and remained tolled continuously between that date and February 7, 2011, the date on which the Michigan Supreme Court denied leave to appeal Petitioner's second motion for relief from judgment.  The statute therefore began to run again on February 7, 2011 and expired 58 days later, on Wednesday, April 6, 2011, more than seven months before Petitioner filed his habeas petition.

The one-year limitations period applicable to § 2254 is subject to equitable tolling. *See Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Keenan*, 400 F.3d at 420; *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden*, No. 09-3372, slip op. at 5 (6th Cir. Nov. 30, 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 130 S. Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, slip op. at 7; *Akrawi*, 572 F.3d at 260.

Petitioner has failed to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. Construing the petition liberally, however, Petitioner arguably suggests that the ineffective assistance of appellate counsel should serve as a basis for equitable tolling. Specifically, in his first ground for habeas relief, Petitioner contends that he was denied the effective assistance of appellate counsel when his trial attorney did not continue to represent him on appeal and did not file a timely appeal of right, thereby causing Petitioner to file a delayed application for leave to appeal. Even assuming that the ineffective assistance of counsel could, in extraordinary circumstances, provide a reason to grant equitable tolling, *see Winkfield v. Bagley,* 66 F. App'x 578, 582-83 (6th Cir. 2003), Petitioner's allegations are insufficient to warrant such relief. By the time Petitioner filed his delayed application for leave to appeal to the Michigan

- 6 -

Court of Appeals, he was well aware of any harm caused by counsel's delay in filing his state-court appeal. Moreover, Petitioner's application for leave to appeal was received and considered on the merits by the court of appeals. Further, the delay in filing an appeal, which occurred before Petitioner's limitations period began to run, cannot serve as a basis for granting equitable tolling of the statute of limitations.

Finally, the fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

**Recommended Disposition**

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations.  I further recommend that a certificate of appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).


Date:  February 24, 2012                              /s/ Ellen S. Carmody
                                                  ELLEN S. CARMODY
                                                  United States Magistrate Judge



**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).   Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).