UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS MYRON ALBERTA,

       Petitioner,                                    Case No. 1:12-CV-64

v.                                                      HON. GORDON J. QUIST

WILLIE SMITH,

       Respondent.
_____/

## ORDER TO FILE ANSWER OR OTHER PLEADING

This is a habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving a 25 to 50 year prison sentence after a jury convicted Petitioner of first-degree criminal sexual conduct involving a person under 13 years of age. *See* M.C.L. § 750.520b(1)(A). On February 24, 2012, pursuant to a Rule 4 review of the petition, the Magistrate Judge issued a Report and Recommendation, recommending that Petitioner's petition be denied as barred by the one-year statute of limitations. (Docket no. 8.) In his objections, Petitioner includes a June 9, 2009, notarized letter from Keith Bloore, the alleged victim, which states:

> I Keith Bloore hereby stat[e] that the accusations made against Douglas Myron Alberta Sr. are false. At my request I wish that he be released from his prison sentence as soon as possible.
>                                           Sincerely,
>                                           Keith Bloore
>                                           /s/ Keith Bloore

(Docket no. 11-1 at 28.) Petitioner argues that equitable tolling should apply because he is actually innocent of the crime for which he was convicted. *See Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005) ("[W]e hold that where an otherwise time-barred habeas petitioner can demonstrate that it is

more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claim."); *Perkins v. McQuiggin*, 670 F.3d 665, 670 (6th Cir. 2012) (re-examining *Souter* and finding that "*Souter* is still binding on this Court.")

The magistrate judge had no way to anticipate this argument. Moreover, with an undeveloped record, this Court cannot make a determination whether the magistrate judge was correct that Petitioner is not entitled to equitable tolling. The Court has no basis to determine whether Petitioner can demonstrate a credible claim of actual innocence, such that he is entitled to equitable tolling. *See id.* But there is an adequate record to justify going forward to determine whether equitable tolling applies, even though there is an insufficient record to determine whether Petitioner's claims should be considered on the merits. *See Schlup*, 513 U.S. 298, 317, 115 S. Ct. 851, 861 (1995) (stating that a claim of actual innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits" (citing *Herrara v. Collins,* 506 U.S. 390, 404, 113 S. Ct. 853, 862 (1993))). Therefore, this Court must next determine whether Petitioner can demonstrate a credible claim of actual innocence.

Thus, insofar as the magistrate judge recommended that equitable tolling does not apply to Petitioner's petition, the Court rejects the Report and Recommendation. In addition, this Court is unable to decide whether a certificate of appealability should be denied. The Report and Recommendation will be adopted in all other regards. The Court will refrain from determining whether equitable tolling should apply until the record is more fully developed. Therefore,

**IT IS HEREBY ORDERED** that Respondent shall file an answer or other pleading with respect to the petition for a writ of habeas corpus filed by the Petitioner herein within 30 days of the

entry of this order. No extensions of time will be granted. The answer of the Respondent shall comply with the requirements of Rule 5 of Rules Governing Section 2254 Cases in the United States District Courts. Along with any other argument that Respondent deems necessary, the Respondent shall address the question of whether Petitioner is entitled to equitable tolling from his claim of "actual innocence" resulting from the victim recanting his testimony regarding the sexual assault. *United States v. Willis*, 257 F.3d 636 (6th Cir. 2001) (finding that decision to grant defendant a new trial after government witness recanted testimony was not an abuse of discretion); *United States v. Rojas*, 520 F.3d 876 (8th Cir. 2007) (finding that because of a child victim's purported recantation of her trial testimony, defendant was entitled to an evidentiary hearing on his motion for a new trial following his conviction for aggravated sexual abuse of a child). Respondent is further notified that the failure to raise affirmative defenses in the first responsive pleading may constitute a waiver of such defenses. *See* FED. R. CIV. P. 8(c). Petitioner may submit a reply to the Respondent's answer within 30 days after the answer is filed. RULE 5(e) OF RULES GOVERNING SECTION 2254 CASES.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall serve one copy of the petition and Petitioner's objections by regular mail on the Respondent and one copy by certified mail on the Attorney General of the State of Michigan.

**IT IS FURTHER ORDERED** that the magistrate judge's Report and Recommendation (docket no. 8) is **adopted in part** and **rejected in part**. It is **rejected** insofar as it recommends that Petitioner's petition is not entitled to equitable tolling and not entitled to a certificate of appealability. It is **adopted** in all other regards.

**IT IS SO ORDERED**.

Dated: June 13, 2012         /s/ Gordon J. Quist
                                      GORDON J. QUIST
                             UNITED STATES DISTRICT JUDGE