UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DOUGLAS ALBERTA,

                Petitioner,                                     Hon. Gordon J. Quist

v.                                                   Case No. 1:12-CV-64

WILLIE SMITH,

                Respondent.
_____/


**REPORT AND RECOMMENDATION**

        This matter is before the Court on Alberta's petition for writ of habeas corpus. In accordance with 28 U.S.C. § 636(b) authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, the undersigned recommends that Alberta's petition be **dismissed as untimely filed**.


**BACKGROUND**

        As a result of events which occurred from 1995 through 1998, Petitioner was charged with one count of first degree criminal sexual conduct and one count of gross indecency. (Trial Transcript, September 19, 2006, 12-13). Two individuals testified at Petitioner's jury trial. The relevant portions of their testimony are summarized below.

**Keith Bloore**

At the age of nine months, Bloore was removed from his mother's care and placed in Petitioner's care. (Trial Transcript, September 19, 2006, 84-87). Beginning when Bloore was approximately three years of age, Petitioner began engaging in oral sex with Bloore. (Tr. 89-90). Petitioner "trained" Bloore to believe this "was not wrong." (Tr. 92). Petitioner later began engaging in anal sex with Bloore. (Tr. 105-06). This conduct continued until Bloore was sixteen years of age. (Tr. 105). Beginning when Bloore was approximately six years of age he was forced by Petitioner to engage in oral sex with Petitioner's step-daughter. (Tr. 85-86, 94-95, 107-09). This activity continued for approximately three years. (Tr. 100-02).

**Richard Bell**

As of 2005, Bell was employed as a Trooper with the Michigan State Police. (Trial Transcript, September 19, 2006, 143-44). In 2005, Bell spoke with Petitioner, Petitioner's wife, and Keith Bloore "to follow up on, a sexual assault complaint." (Tr. 144). Bloore related to Bell "many of the allegations" to which he testified at trial. (Tr. 146). Bell's involvement in this matter was not prompted by allegations made by Keith Bloore, but was instead initiated by "another family member." (Tr. 147).

Following the presentation of evidence, the jury found Petitioner guilty of first degree criminal sexual conduct, but acquitted him of the gross indecency charge. (Trial Transcript, September 19, 2006, 192-93). Petitioner was sentenced to serve 25-50 years in prison. (Sentencing Transcript, November 16, 2006, 9). In sentencing Petitioner, the trial judge relied on the evidence presented at trial as well as additional evidence that Petitioner had also committed similar crimes

2

with other children in his care.  (Tr. 8-9).  Specifically, the trial judge stated:

> Mr. Alberta, I'm going to follow the recommendation.  Not only for what happened factually in this case but also based on your plea to the attempted gross indecency between a male and a female, and also by your acknowledgment to sexually abusing both Mary and Kara, and in teaching Mary and Keith to sexually abuse each other.

(Tr. 8-9).

At sentencing, Petitioner was advised that he had the right to appeal his conviction and was provided with an appeal "packet." (Tr. 9-10).  After failing to timely appeal his conviction, Petitioner filed a motion in the trial court seeking a re-issuance of judgment so as to afford him a second opportunity to appeal his conviction as of right.  (Dkt. #22-23).  After conducting a two-day hearing, the trial court denied Petitioner's motion on the ground that the failure to timely pursue an appeal as of right was attributable to Petitioner's failures.  (Hearing Transcript, July 12, 2007, 54-66).  Petitioner subsequently filed in the Michigan Court of Appeals a motion for leave to appeal in which he asserted the following claims:

> I.   The trial court committed reversible error by denying the defendant a fair trial in violation of due process under the Fourteenth Amendment of the United States Constitution and/or Article I, Section 17, of the 1963 Michigan Constitution by permitting the prosecutor to improperly bolster the credibility of a witness by eliciting testimony from an interviewing police officer who testified, inter alia, that it was his job to evaluate the truthfulness of witnesses' statements.

> II.  The trial court committed reversible error by denying the defendant a fair trial in violation of due process under the Fourteenth Amendment of the United States Constitution and/or Article I, Section 17, of the 1963 Michigan Constitution by improperly placing too great an emphasis on establishing guilt solely on the testimony of the alleged victim when the presiding

judge questioned prospective jurors during voir dire whether they could return a guilty verdict beyond a reasonable doubt solely on the testimony of the alleged victim, repeating this question a total of eight times.

III.   The trial court committed reversible error by denying the defendant a fair trial in violation of due process under the Fourteenth Amendment of the United States Constitution and/or Article I, Section 17, of the 1963 Michigan Constitution by permitting other act evidence to be admitted without the prosecutor providing notice as required by MRE 404(b)(2) when testimony involving similar acts against another person were introduced, when the complainant testified that the defendant hit him, and when the charged offenses contained in the information were expressly confined to a time period on or about 1995 to 1998 and the other act evidence was testified to having occurred years before and years after the charged dates.

IV.   The defendant was denied the effective assistance of counsel as required by the Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment and/or Article I, Section 20 of the 1963 Michigan Constitution when the defendant's trial attorney failed to object to improper witness bolstering, failed to object to the introduction of other act evidence introduced at trial without proper notice required by MRE 404(b)(2), failed to request that the jury be instructed on the effect of the absence of testimony of prosecution endorsed witnesses, failed to call witnesses that would have undermined the credibility of the complaining witness, and failed to secure preliminary examination transcripts that could have been used to undermine the complainant's testimony.

V.   The defendant was denied a fair trial in violation of due process under the Fourteenth Amendment of the United States Constitution and/or Article I, Section 17, of the 1963 Michigan Constitution by the

cumulative effect of errors.

The Michigan Court of Appeals denied Petitioner leave to appeal "for lack of merit in the grounds presented." *People v. Alberta*, Case No. 281658, Order (Mich. Ct. App., June 4, 2008). Petitioner did not appeal this determination to the Michigan Supreme Court. (Dkt. #25).

On May 20, 2009, Petitioner filed in the trial court a motion for relief from judgment in which he asserted the following claims:

> I.  Defendant's appellate attorney was constitutionally ineffective for failure to raise the claim in defendant's application for leave to appeal where trial counsel failed to perfect a timely appeal by right.
>
> II.  Mr. Alberta's conviction for first degree criminal sexual conduct must be vacated because there was insufficient evidence that any sexual misconduct occurred.
>
> III.  Appellate counsel's constitutionally ineffective assistance establishes "good cause" for appellant's failure to properly raise these issues in his prior appeal.

Petitioner's motion was denied on June 10, 2009. *People v. Alberta*, Case No. 06-H-7857-FC, Opinion (Montcalm Cnty. Cir. Ct., June 10, 2009). Petitioner did not appeal this determination to the Michigan Court of Appeals, but instead filed in trial court, on October 15, 2009, a successive motion for relief from judgment in which he asserted the following claims:

> I.  Defendant is entitled to a new trial based on newly discovered evidence where the victim signed an affidavit stating that he made false accusations and that he wish[ed] that defendant could be released from his prison sentence.
>
> II.  Defendant has demonstrated good cause and actual prejudice because defendant is actually innocent.

5

The trial court denied Petitioner's motion. *People v. Alberta*, Case No. 06-H-7857-FC, Order (Montcalm Cnty. Cir. Ct., Oct. 28, 2009). Asserting the following claims, Petitioner appealed this determination to the Michigan Court of Appeals:

> I.    Defendant's appellate attorney was constitutionally ineffective for failure to raise the claim in defendant's application for leave to appeal where trial counsel failed to perfect a timely appeal by right.
>
> II.   Mr. Alberta's conviction for first degree criminal sexual conduct must be vacated because there was insufficient evidence that any sexual misconduct occurred.
>
> III.  Appellate counsel's constitutionally ineffective assistance establishes "good cause" for appellant's failure to properly raise these issues in his prior appeal.

Petitioner's motion was "denied for failure to establish entitlement to relief under MCR 6.508(D)." *People v. Alberta*, Case No. 296695, Order (Mich. Ct. App., Apr. 2, 2010). Petitioner appealed this determination to the Michigan Supreme Court which denied relief "because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Alberta*, Case No. 140952, Order (Mich., Feb. 7, 2011). Petitioner initiated the present action on November 23, 2011, asserting the following claims:

> I.    Petitioner received ineffective assistance of appellate counsel where counsel failed to perfect a timely appeal.
>
> II.   Petitioner was denied due process where insufficient evidence was presented to sustain the conviction.
>
> III.  Petitioner met the cause standard for overcoming procedural default.

(Dkt. #1).

On February 24, 2012, the undersigned recommended that Alberta's petition be dismissed as untimely. (Dkt. #8). The Honorable Gordon J. Quist agreed that Alberta's petition was untimely filed, but further observed that Petitioner, in his objections to the Report and Recommendation, asserted that he was entitled to equitable tolling (i.e., the untimeliness of his petition should be disregarded) because he was actually innocent of the crime for which he was convicted. (Dkt. #12). Judge Quist concluded that "with an undeveloped record, this Court cannot make a determination whether the magistrate judge was correct that Petitioner is not entitled to equitable tolling." (Dkt. #12). Accordingly, Judge Quist remanded the matter to the undersigned to determine whether Petitioner is entitled to equitable tolling based on his claim of actual innocence. (Dkt. #8).

## ANALYSIS

As previously noted, it has already been determined that Alberta's petition for writ of habeas corpus was not timely filed. This failure notwithstanding, Petitioner can avoid dismissal of his petition if he demonstrates entitlement to equitable tolling. In his objections to the aforementioned recommendation, Petitioner asserted that he was entitled to equitable tolling on the ground that he is innocent of the crime for which he has been convicted. As discussed herein, the undersigned concludes that Petitioner cannot satisfy the actual innocence standard, thus precluding review of the merits of his habeas claims.

Petitions for habeas relief challenging convictions obtained in state courts are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Generally, a petition initiated after

7

the expiration of this limitations period must be dismissed. The United States Supreme Court, however, has held that if a habeas petitioner can demonstrate "actual innocence," the Court can review the merits of an otherwise untimely petition. *See McQuiggin v. Perkins*, 133 S.Ct. 1924, 1931-32 (2013).[1] The actual innocence standard "is demanding" and requires Petitioner to present new evidence sufficient to demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 1935-36.

The evidence submitted by Petitioner in support of his actual innocence claim consists of the following: (1) prison medical treatment records; (2) two unverified letters allegedly written by members of Petitioner's family; and (3) an affidavit executed by Keith Bloore. (Dkt. #11). Petitioner's treatment records reveal that he has experienced in prison episodes of guilt, depression, and anxiety. These records also reveal that Petitioner was a victim of sexual abuse as a child. The letters from Petitioner's family members are not verified or otherwise sworn and, therefore, do not advance Petitioner's cause. The affidavit executed by Keith Bloore reads, in its entirety, as follows:

> I Keith Bloore hereby stat[e] that the accusations made against Douglas Myron Alberta Sr. are false. At my request I wish that he be released from his prison sentence as soon as possible.

(Dkt. #11).

Petitioner presented this affidavit to the trial court in his October 2009 Motion for Relief from Judgment. (Dkt. #30). The court rejected Petitioner's argument that this affidavit was

---

[1] It is important to note that a showing of "actual innocence" does not entitle Petitioner to habeas relief, as "claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation." *Legrone v. Birkett*, 571 Fed. Appx. 417, 421 (6th Cir., July 7, 2014) (quoting *Herrera v. Collins*, 506 U.S. 390, 400 (1993)). Instead, satisfying the actual innocence standard articulated herein simply permits the Court to review the merits of Petitioner's otherwise time-barred claims. *See Gibbs v. United States*, 655 F.3d 473, 477 (6th Cir. 2011) ("a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits") (quoting *Herrera*, 506 U.S. at 404).

material and that consideration of such would more likely than not result in acquittal.  Specifically, the court concluded:

> Setting aside questions of inducement, the victim does not recant any specific testimony at the trial or affirmatively assert that defendant did not sexually assault him or even that he (the victim) lied at trial. The affidavit only vaguely says that the accusations made against defendant are false and does not identify the what, when and where of the accusations.

(Dkt. #31).

The Court agrees that Bloore's affidavit is vague and lacks specificity.  The Court is also cognizant that "recanting affidavits are always viewed with 'extreme suspicion.'"  *See, e.g., Matthews v. Ishee*, 486 F.3d 883, 895 (6th Cir. 2007); *McCray v. Vasbinder*, 499 F.3d 568, 574 (6th Cir. 2007).  The Court further notes that in the more than five years since the trial court pointed out the shortcomings in Bloore's affidavit, Petitioner has failed to secure a more specific affidavit from Bloore, or obtain any other evidence supporting his position on this question.  In sum, Petitioner has not satisfied his "demanding" burden to demonstrate actual innocence.  Thus, the Court is precluded from reviewing the merits of Alberta's untimely filed petition.  Accordingly, the undersigned recommends that Alberta's petition be dismissed as untimely.

## CONCLUSION

For the reasons articulated herein, the undersigned concludes that Alberta's petition is not timely filed and, furthermore, that Petitioner has failed to satisfy the actual innocence standard to excuse his untimeliness.  Accordingly, the undersigned recommends that Alberta's petition for writ of habeas corpus be **denied**.  The undersigned further recommends that a certificate of

9

appealability be denied.  *See Slack v. McDaniel*, 529 U.S. 473 (2000).

    OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,


Date:  December 3, 2014     /s/ Ellen S. Carmody
            ELLEN S. CARMODY
            United States Magistrate Judge