UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DOUGLAS ALBERTA,

    Petitioner,

v.                                                         Case No. 1:12-CV-64

WILLIE SMITH,                                HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner has filed an Objection to Magistrate Judge Carmody's December 3, 2014 Report and Recommendation (dkt. #35), in which she recommended that the Court dismiss Petitioner's habeas petition as untimely. On February 24, 2012, the magistrate judge issued a report and recommendation recommending that the Court dismiss Petitioner's petition for writ of habeas corpus as barred by the one-year statute of limitations set forth in 28 U.S.C. § 2254(d)(1)(A). (Dkt. #8 at Page ID#36.) The magistrate judge also concluded that Petitioner failed to establish that he was entitled to equitable tolling. (*Id.* at Page ID#38.) Petitioner filed objections and included a notarized letter from Keith Bloore, the alleged victim, stating that "the accusations made against [Petitioner] are false." On June 13, 2012, the Court rejected the February 24, 2012 Report and Recommendation to the extent that it concluded that equitable tolling does not apply, observing that "there is an adequate record to justify going forward to determine whether equitable tolling applies, even though there is an insufficient record to determine whether Petitioner's claims should be considered on the merits." (Dkt. # 12 at Page ID#86.)

In her December 3, 2014 Report and Recommendation, the magistrate judge considered Petitioner's evidence of actual innocence, including the Bloore letter. The magistrate judge agreed with the state trial court's observation that the Bloore letter is vague and lacking in specificity and noted that recanting affidavits are generally viewed with suspicion. (Dkt. #35 at Page ID#179.) Accordingly, the magistrate judge concluded that Petitioner has not satisfied his demanding burden to demonstrate actual innocence.

Pursuant to 28 U.S.C. § 636(b)(1), when a party files written objections to a report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* After conducting a *de novo* review of the December 3, 2014 Report and Recommendation, as well as Petitioner's Objection, the Court concludes that the Objection should be overruled and that the Report and Recommendation should be adopted.

In his Objection, Petitioner offers various explanations for why Keith Bloore would have falsely accused him of sexual abuse and why Bloore's letter is lacking in any details or substance. Petitioner's arguments and his unsworn statements from others impugning Bloore's character are not persuasive. The affidavit is thin, at best, and is an insufficient basis for this Court to conclude "that it is more likely than not that no reasonable juror would have convicted [Petitioner] in light of the new evidence." *McQuiggin v. Perkins*, __ U.S. __, 123 S. Ct. 1924, 1935 (2013) (internal quotation marks omitted). Accordingly, Petitioner has not met this "demanding" standard. *Id.* at 1936.

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a

"substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." For the reasons stated above, the Court finds that reasonable jurists could not find that this Court's dismissal of Petitioner's claim was debatable or wrong. Thus, the Court will deny Petitioner a certificate of appealability. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued December 3, 2014 (dkt. # 35) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's habeas corpus petition is **DENIED** because it is barred by the one-year statute of limitations.

**IT IS FURTHER ORDERED** that a **certificate of appealability** is DENIED.

This case is **concluded**.


Dated: February 6, 2015                       /s/ Gordon J. Quist
                                         GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE